FILED
IN CLERKS OFFICE

2021 JUL 22 PM 2: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | | |
|---|---|---|
| **KEITH F. BELL, PH.D.,** | § | |
| Plaintiff, | § | Civil Action No. _____ |
| -v- | § | |
| **ALEXANDRA EIDENS** | § | Jury Demanded |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Complaint to recover damages arising from violations of Dr. Bell's intellectual property rights by Defendant Alexandra Eidens ("Ms. Eidens" or "Defendant"). In support of his claims, Plaintiff states as follows:

### INTRODUCTION

1. This action arises from Defendant's willful and intentional commercial infringement of Plaintiff's copyrights on Defendant's Instagram page. Defendant reproduced, disseminated, and displayed virtually the entirety of Plaintiff's work. Defendant contends that she is an innocent infringer. This despite the fact that Defendant previously had requested permission to use Plaintiff's copyrighted work and was denied permission. Moreover, Defendant is a publisher with sophisticated knowledge of copyright, and a savvy user of social media. Defendant's conduct should not be countenanced.

1

## THE PARTIES

2. Plaintiff is, and at all relevant times has been, a resident of Texas and resides at 3101 Mistyglen Circle, Austin, Texas 78746.

3. Alexandra Eidens is a natural person and a Boston, Massachusetts resident. Ms. Eidens personally engaged in the acts of infringement complained of below. Ms. Eidens may be served at 246 Marlborough Street, Unit 9, Boston, Massachusetts 02116 or wherever Ms. Eidens may be found.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 & 1338 in that the claims arise under an act of Congress relating to copyrights.

5. This Court has jurisdiction over the Defendant because she resides and/or is domiciled in Massachusetts, conducts business in Massachusetts, has her principal place of business in Massachusetts.

6. Plaintiff contends that there is both specific and general jurisdiction over Defendant in Massachusetts, that Defendant has sufficient minimum contacts to satisfy due process, and that the exercise of jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has her principal place of business and/or domicile in this state within this judicial district and division. Alternatively, there is no other federal judicial district that could adjudicate all claims and all parties in this case.

## THE FACTS

### *Dr. Bell and His Sports Psychology Practice*

8. Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

9. In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia. Among others, he has been a featured speaker with the American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, North American Soccer Association, United States Olympic Sports Medicine Symposium, National High School Coaches Association, and British Swim Coaches Association, South by Southwest, and St. Edwards University.

10. Dr. Bell has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, has set numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

11. Further, Dr. Bell has authored and has published 10 books and more than 80 articles relating to sports psychology and human performance psychology. He also has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam,* and *Swim Texas Magazine*, and is a periodic contributor to *Austin Fit Magazine*.

### **Winning Isn't Normal** *and the WIN Passage*

12. In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*"), which was first published in 1982. The book has enjoyed substantial acclaim, distribution, and publicity. Dr. Bell is the sole author of this work and continues to own all rights in the work.

3

13. Dr. Bell holds a copyright registration for *Winning Isn't Normal*. A copyright registration certificate for *Winning Isn't Normal* was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number TX-002-672-644. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

14. Since Dr. Bell authored and published the work *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, among others, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and the website winningisntnormal.com.

15. Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act. Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of *Winning Isn't Normal*, such as posters and t-shirts that display a particular passage from *Winning Isn't Normal* (separately referred to as the "WIN Passage,") and together with *Winning Isn't Normal* referred to as the "Infringed Work"). The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work *Winning Isn't Normal*. A true and correct copy of the WIN Passage is attached as **Exhibit B**.

16. Dr. Bell has obtained a separate copyright registration for the WIN Passage, TX 008-503-571. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit C**.

17. Dr. Bell owns the domains winningisntnormal.com and keelpublications.com which points to the website where Dr. Bell offers the *Winning Isn't Normal* and derivative works for sale.

18. Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and

4

human performance and has been asked to speak at conferences, symposia, and other engagements as a result.

19. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN.

20. Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*. Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal* and derivative works, provides pertinent copyright notices on Amazon.com and winningisntnormal.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters – see Exhibit D) or excerpts that he posts online or otherwise distributes. Dr. Bell also includes information on winningisntnormal.com regarding how to contact Dr. Bell about obtaining permission to use the WIN Passage or other portions of *Winning Isn't Normal*.

***Defendant and her businesses***

21. On information and belief, Defendant is the founder and agent of Big Life Journal. Ms. Eidens is a sophisticated publisher that publishes and sells books, posters, videos, journals and cards, among other products; and makes available Podcasts and more.

22. On information and belief, Defendant owns a publishing company.

23. On information and belief, Defendant founded a business called Big Life Journal Enterprises, LLC. This company registered a U.S. trademark registration. 6298560. A true and correct copy of this trademark registration is attached as **Exhibit E**.

24. On information and belief, Defendant uses her reputation to promote her businesses.

25. Defendant is evidently a savvy user of social media, having garnered a significant Instagram, and Facebook following.

5

26. Defendant's team member, Laura Maloney, Outreach & Kids Podcast Manager maintains a blog for Big Life Journal located https://biglifejournal.com/pages/podcast28 is attached as **Exhibit F**.

*Defendant's Infringement of Dr. Bell's Work*

27. Ms. Eidens maintains an Instagram page which Ms. Eidens uses commercially in furtherance of herself, her reputation, and her business: Big Life Journal.

28. Ms. Eidens maintains Facebook pages at https://www.facebook.com/biglifejournal/posts/big-life-journals-founder-alexandra-eidens-writes-its-our-goal-at-big-life-journ/2323157734646930/ and https://www.facebook.com/people/Alexandra-Eidens/100010204383419/ which Ms. Eidens uses in furtherance of herself, her reputation, and her business: Big Life Journal.

29. On July 23, 2018, Ms. Defendant posted a textual representation of the WIN Passage on her Instagram page that is nearly identical to Plaintiff's WIN Passage with only minor modifications of text and formatting. A copy of the WIN Passage as posted by Ms. Eidens is attached as **Exhibit G**.

30. These publications were made without authorization from Dr. Bell and some without attribution to Dr. Bell.

31. On June 4, 2018, Defendant contacted Dr. Bell to request permission to use Dr. Bell's copyrighted work and was denied permission. Nevertheless, on July 23, 2018, Defendant posted a textual representation of the WIN Passage on her Instagram page that is nearly identical to Plaintiff's WIN Passage with only minor modifications of text and formatting.

32. On information and belief, Defendant made additional use of the Infringing Work without permission from Plaintiff.

33. On information and belief, at the time of the Instagram post at issue, Ms. Eidens had more than 4.6k Instagram followers. Today, Ms. Eidens appears to have 407K Instagram followers.

34. Due to the globally accessible nature of the Internet, the post was accessible by users across the world.

35. Dr. Bell sent a cease and desist letter to Defendant on December 19, 2018. Defendant claims her use of the passage was posted merely as something inspirational for Defendant for that day and has refused to admit liability.

## CLAIM I: COPYRIGHT INFRINGEMENT

36. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

37. Plaintiff owns a valid copyright in the Infringed Work.

38. Defendant has, without authorization, copied one or more of the constituent elements of the Infringed Work that are original.

39. Defendant copied the heart of the Infringed Work almost verbatim, rendering the offending works substantially similar to, and/or functionally identical to, the Infringed Work.

40. Having previously requested permission from Plaintiff to post the Works; having been denied such permission; with knowledge that an agreement had not been reached with Plaintiff regarding such copying; and with knowledge that neither a license nor an assignment had been granted to Defendant allowing her to copy or use the Infringed Work; Defendant's copying of the Infringed Work was done willfully and intentionally in violation of federal copyright law.

41. Defendant has, without authorization, publicly displayed one or more of the constituent elements of the Infringed Work that are original.

42	Defendant's public display of the heart of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such public display, and with knowledge that neither a license nor an assignment had been granted to Defendant allowing her to publicly display the Infringed Work.

43.	By so copying and publicly displaying the Infringed Work, Defendant has willfully infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages in the form of either Plaintiff's actual damages and Defendant's profits attributable to the infringements or, in the alternative and at Plaintiff's election, statutory damages. Defendant should also be required to pay Plaintiff's court costs and attorneys' fees, as authorized by law, associated with its copyright infringement.

## CLAIM II: DMCA CMI VIOLATION

44.	Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

45.	Defendant has publicly displayed the Infringed Work knowing or having reasonable grounds to know that Plaintiff's copyright management information, as defined by 17 U.S. § 1202 (c) (1)(2) and (3), has been removed and that said removal will reduce, enable, facilitate or conceal an infringement, thereby violating 17 U.S. § 1202 (b) (2) Integrity of Copyright Information.

46.	By so copying and publicly displaying the Infringed Work, Defendant has knowingly infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages between $2,500 and $25,000. Defendant should also be required to pay Plaintiff's court costs and attorneys' fees, as authorized by law, associated with its CMI violation.

8

## ATTORNEY FEES

47. Because of Defendant's infringement of Plaintiff's copyrights, Plaintiff respectfully requests that this Court award costs of court and reasonable attorneys' fees as part of the requested relief, pursuant to 17 U.S.C. § 505.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER

49. WHEREFORE, Plaintiff demands judgment against Defendant as follows:

50. That the Court issue an injunction prohibiting Defendant and those acting in concert with her from:

(a) Copying, using, or publicly displaying the Infringed Work or constituent elements thereof that are original;

(b) Creating any derivative works based on the Infringed Work (either individually or with a third party) without first obtaining a license or assignment from Plaintiff that allows Defendant to do so; and

(c) Otherwise infringing the rights of Plaintiff with respect to the Infringed Work.

51. A judgment awarding damages to Plaintiff based on each of the claims asserted herein, including actual, consequential, incidental, and all other types of damages authorized by law necessary to make Plaintiff whole under applicable law;

52. Actual damages, profits, and/or statutory damages based on copyright infringement;

53. That an accounting be directed to determine the profits of Defendant resulting from her activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances;

54. Reasonable and necessary attorney fees pursuant to 17 U.S.C. § 505, and other law;

55. The injunctive relief and all necessary findings requested herein;

56. Pre-judgment and post-judgment interest at the highest rate allowed by law;

57. Costs of bringing this claim; and

58. Such other relief at law or in equity to which Plaintiff shows himself justly entitled.

Dated: July 20, 2021

Respectfully submitted,

*/s/ Keith Bell*

Dr. Keith Bell, pro se
3101 Mistyglen Circle
Austin, Texas 78746
Tel.: 512-327-2260
drkeithbell@gmail.com